SUMMARY ORDER

Appellant Paul Papas, proceeding pro se, appeals from the judgment of the district court affirming a bankruptcy court order, which denied Appellant’s motion to convert the Chapter 11 reorganization proceedings of Appellee Residential Capital, LLC, to a Chapter 7 liquidation, pursuant to 11 U.S.C. § 1112(b). We assume the parties’ familiarity with the case.
In the bankruptcy context, a case may be equitably moot when, “even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable.” In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir.1993) (“Chateau-gay I ”). Generally, an appeal is equitably moot once the debtor’s plan of reorganization has been “substantially consummated.” See Frito-Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.), 10 F.3d 944, 952-53 (2d Cir.1993) (“Chateaugay II”). A plan is substantially consummated when all or substantially all of the proposed transfers in a plan are completed, the successor company has assumed the business or property dealt with in the plan, and the distributions contemplated by the plan have begun. See 11 U.S.C. § 1101(2). Here, Appellee auctioned off substantially all of its assets in October 2012; it made most of the transfers contemplated in its confirmed reorganization plan, transferred control of its business and property to the Liquidating Trust, and began distributions in December 2013. Accordingly, its reorganization plan is substantially consummated.
Relief from a consummated plan is inequitable if it would “unravel intricate transactions” or if the party seeking to undo the plan did not seek a stay below. Cha-teaugay II, 10 F.3d at 952-53. Here, Appellant asks us to unwind all of the transactions that have already occurred. Moreover, although Appellant asked the district court to stay the bankruptcy proceedings, he did not make his request in accordance with local court rules or first seek a stay in the bankruptcy court as required by Federal Rule of Bankruptcy Procedure 8005.
For the foregoing reasons, the appeal is DISMISSED as moot with prejudice.